1  BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
   Alan R. Plutzik (State Bar No. 077785)
2  Daniel E. Birkhaeuser (State Bar No. 136646)
   Jennifer S. Rosenberg (State Bar No. 121023)
3  L. Timothy Fisher (State Bar No. 191626)
   2125 Oak Grove Road, Suite 120
4  Walnut Creek, California 94598
   Telephone: (925) 945-0200
5  Facsimile: (925) 945-8792

6  BEATIE AND OSBORN LLP
   Russel H. Beatie (Admitted *pro hac vice*)
7  Curt D. Marshall (Admitted *pro hac vice*)
   521 Fifth Avenue, Suite 3400
8  New York, New York 10175
   Telephone: (212) 888-9000
9  Facsimile: (212) 888-9664

10 Of Counsel: John E. Lynch

11 Attorneys for Plaintiff

12

13                UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 PATRIOT SCIENTIFIC CORPORATION,          Civil Action No. C 03 5787 (SBA/WDB)

17                           Plaintiff,

18        v.                                **CONSOLIDATED AMENDED
                                            COMPLAINT FOR PATENT
19 FUJITSU COMPUTER SYSTEMS                 INFRINGEMENT**
   CORPORATION, MATSUSHITA ELECTRIC
20 CORPORATION OF AMERICA, NEC              **[JURY TRIAL DEMANDED]**
   SOLUTIONS (AMERICA), INC., SONY
21 ELECTRONICS INC., TOSHIBA AMERICA,
   INC., CHARLES H. MOORE, TECHNOLOGY
22 PROPERTIES LTD., and DANIEL E.
   LECKRONE,
23
                            Defendants.
24

25

26

27

28

CONSOLIDATED AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. C03-5787 SBA/WDB
40371

1    Plaintiff Patriot Scientific Corporation ("Patriot "), by its attorneys, Bramson, Plutzik,

2    Mahler & Birkhaeuser LLP and Beatie and Osborn LLP, for its Consolidated Amended Complaint

3    ("Complaint") against defendants Fujitsu Computer Systems Corporation ("Fujitsu"), Matsushita

4    Electric Corporation of America ("Matsushita"), NEC Solutions (America), Inc. ("NEC"), Sony

5    Electronics Inc. ("Sony"), Toshiba America, Inc. ("Toshiba") (collectively, "Infringing

6    Defendants"), Charles H. Moore ("Moore"), Technology Properties Ltd. ("TPL"), and Daniel E.

7    Leckrone ("Leckrone"), alleges:

8        1.    This is a civil action arising under the Patent Laws of the United States, 35 U.S.C.

9    §§ 101, *et seq.*, for damages and injunctive relief pursuant to 35 U.S.C. §§ 271, *et seq.*, and for

10   declaratory judgment for determination and correction of inventorship and ownership of a patent

11   and its family of patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202,

12   and 35 U.S.C. §§ 116 and 256.

13                                  **PARTIES**

14       2.    Plaintiff Patriot is incorporated under the laws of the State of Delaware; maintains

15   its principal place of business at 10989 Via Frontera, San Diego, California; and is engaged in the

16   business of developing and owning intellectual property, integrated circuits, and systems level

17   engineering.

18       3.    Patriot is the named assignee of United States Patent No. 5,809,336 entitled "HIGH

19   PERFORMANCE MICROPROCESSOR HAVING VARIABLE SPEED SYSTEM CLOCK"

20   ("'336 Patent").

21       4.    Defendant Fujitsu maintains its principal place of business at 1250 East Arques

22   Avenue, M/S 122, Sunnyvale, California 94085; and is engaged in the business of, among other

23   things, providing semiconductor products and services for networking, communications,

24   automotive, security, and other markets throughout the United States, including the State of

25   California.

26       5.    Defendant Matsushita maintains its principal place of business at One Panasonic

27   Way, Secaucus, New Jersey; and is engaged in the business of the manufacture and sale of

28   consumer, business, and industrial products in the United States, including the State of California.

6.      Defendant NEC maintains its principal place of business at 10850 Gold Center Drive, Suite 200, Rancho Cordova, California 95670; and is engaged in the business of the manufacture of communications, computers and electronic components in the United States, including the State of California.

7.      Defendant Sony maintains its principal place of business at 1 Sony Drive, Park Ridge, New Jersey 07656; and is engaged in the business of, among other things, the manufacture of audio, video, communications, and information technology products for consumer and professional markets in the United States, including the State of California.

8.      Defendant Toshiba maintains its principal place of business at 1251 Avenue of the Americas, New York, New York; and is engaged in the business of, among other things, marketing and manufacturing information and communication systems, electronic components, heavy electrical apparatus, consumer products, and medical diagnostic imaging equipment in the United States, including the State of California.

9.      Defendant Moore is an individual, resides at 40 Cedar Lane, Sierra City, California, and through his agent has asserted a claim of partial ownership and co-inventorship of the '336 Patent.

10.     Defendant TPL maintains its principal place of business in San Jose, California, is engaged in the business of selling and licensing intellectual property, and through its agent has asserted a claim of partial ownership of the '336 Patent.

11.     Defendant Leckrone is an individual, is Chairman of TPL, resides at 4010 Moorpark Avenue, #215, San Jose, California, and has asserted, on behalf of Moore and TPL, a claim of partial ownership of the '336 Patent.

12.     Pursuant to Rule 19 of the Federal Rules of Civil Procedure, on January 28, 2004, Patriot invited Moore, TPL, and Leckrone to join the litigation voluntarily as co-plaintiffs with Patriot; but they declined.  Therefore, Patriot has joined them as defendants.

**JURISDICTION AND VENUE**

13.     This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14.     As required by Article III of the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201, an actual controversy exists between Patriot and defendants Moore, TPL, and Leckrone over the inventorship and ownership of the '336 Patent. The proper assertion of these rights are critical to the enforcement of the patent and the validity of the patent.

15.     Patriot claims sole ownership of all right, title, and interest in the '336 Patent; but through defendant Leckrone defendants Moore, TPL, and Leckrone claim partial inventorship and partial ownership of the '336 Patent, claim to be co-owners of the '336 Patent with Patriot, and demand compensation for their interest in the '336 Patent.

16.     This action is properly venued in this district under 28 U.S.C. §§ 1391(c) and 1400(b) because defendants reside in or do business in this district; and/or committed acts of patent infringement in this district.

17.     In addition, on February 18, 2004, the Infringing Defendants consented by Stipulation to the jurisdiction and venue of this Court. A copy of the Stipulation is attached as Exhibit A.

**RELATED ACTIONS**

18.     This action is related to the actions titled *Patriot Scientific Corporation v. Moore, et al.*, No. C 04 0618 JCS, and *Intel Corporation v. Patriot Scientific Corporation*, No. C 04 0439 JCS, which are pending in the Oakland Division of this district.

**FACTUAL BACKGROUND**

19.     On September 15, 1998, the Patent and Trademark Office issued the '336 Patent naming Moore and Russell H. Fish, III ("Fish"), as inventors and Patriot as assignee. A copy of the '336 Patent is attached as Exhibit B.

20.     Fish solely conceptualized the technology claimed by the '336 Patent and solely owned the rights, title, and interest in the '336 Patent.

21. Fish assigned the '336 Patent to the Fish Family Trust, the Fish Family Trust assigned the '336 Patent to Nanotronics Corporation ("Nanotronics"), and Nanotronics assigned the '336 Patent to Patriot.

22. These assignments were duly recorded in the United States Patent and Trademark Office as follows: Reel/Frame 005852/0465, recorded September 26, 1991; Reel/Frame 005978/0672, recorded January 21, 1992; and Reel/Frame 008194/0013, recorded October 28, 1996.

23. Patriot is therefore sole owner of all right, title, and interest in the '336 Patent, including the right to bring this action for injunctive relief and damages.

24. Through defendant Leckrone defendants Moore, TPL, and Leckrone have asserted a claim for partial inventorship and partial ownership of the '336 Patent and claim to be co-owners of the '336 Patent with Patriot.

25. Through Leckrone, defendants TPL and Leckrone assert that Moore assigned an ownership interest in the '336 Patent to TPL and Leckrone.

26. Patriot disputes the claims of inventorship and ownership by Moore and partial ownership by TPL and Leckrone and requests this Court to resolve the issues of inventorship and ownership.

27. The Infringing Defendants have made, used, sold, offered to sell, imported, and/or distributed within the United States, including specifically within the State of California, computers, laptop computers, and/or server systems which include but are not limited to the following:

Fujitsu:

C Series;

E7000;

E2000;

S6000;

CELSIUS; and

Stylistic ST4000 ("Fujitsu Products")

1    Matsushita:

2    Toughbook 01;

3    Toughbook 07;

4    Toughbook 18;

5    Toughbook 28;

6    Toughbook 34;

7    Toughbook 48;

8    Toughbook 50;

9    Toughbook 72;

10   Toughbook R1;

11   Toughbook T1;

12   DMR-HS2;

13   DMR-E80H;

14   DMR-E60S;

15   DMR-E30K;

16   DMR-E30S;

17   DMR-E50K; and

18   DMR-E50S ("Matsushita Products")

19

20   NEC:

21   Versa LitePad;

22   MobilePro P300;

23   MobilePro 790; and

24   Versa E120 DayLite ("NEC Products")

25

26   Sony:

27   VAIO V505A Series;

28   VAIO PCG-GRX700 CTO - LP4M;

CONSOLIDATED AMENDED COMPLAINT FOR PATENT INFRINGEMENT          5
CASE NO. C03-5787 SBA/WDB
40371

1   VAIO PCG-GRX700 CTO - Power;

2   VAIO PCG-GRX700 CTO - Works;

3   VAIO PCG-GRS700 CTO - LP4M;

4   VAIO PCG-GRS700 CTO - Basic;

5   VAIO PCG-GRS700 CTO - Power;

6   VAIO RZ simple;

7   VAIO RZ gamer;

8   VAIO RZ UDL;

9   VAIO W Series;

10  RDR-GX7;

11  DAV-C990; and

12  SLV-D300P ("Sony Products")

13

14  Toshiba:

15  Satellite A10;

16  Satellite A35;

17  Satellite M30;

18  Satellite P10;

19  Satellite P25;

20  Tecra S1;

21  Portege M100;

22  Portege 3500; and

23  Portege R100 ("Toshiba Products").

24      28.     Defendants Fujitsu, Matsushita, NEC, Sony, and Toshiba have made, used, sold,

25  offered to sell, imported, and/or distributed devices and/or systems which include but are not

26  limited to the Fujitsu Products, Matsushita Products, NEC Products, Sony Products, and Toshiba

27  Products, respectively, in accordance with the principles and claims of the '336 Patent.

28

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment For Determination and Correction of Inventorship)

29.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint as if they were set forth here in full.

30.     Patriot disputes the claims of inventorship by Moore of the '336 Patent and requests this Court to resolve the issue of inventorship.

31.     A judicial declaration correcting inventorship of the '336 Patent is necessary so that Patriot can enforce its rights with respect to that patent against the Infringing Defendants.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment For Determination and Correction of Ownership)

32.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint as if they were set forth here in full.

33.     Patriot disputes the claims of partial ownership by Moore, TPL, and Leckrone of the '336 Patent and requests this Court to resolve the issue of ownership.

34.     A judicial declaration about the ownership of the '336 Patent is necessary so that Patriot can enforce its rights with respect to that patent against the Infringing Defendants.

## THIRD CLAIM FOR RELIEF
### (Direct Infringement of U.S. Patent No. 5,809,336 Under 35 U.S.C. § 271(a))

35.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint as if they were set forth here in full.

36.     Defendants Fujitsu, Matsushita, NEC, Sony, and Toshiba have made, used, sold, offered to sell, imported, and/or distributed within the United States, including specifically within California, devices and/or systems which include but are not limited to the Fujitsu Products, Matsushita Products, NEC Products, Sony Products, and Toshiba Products, respectively, and which directly infringe one or more claims of the '336 Patent in violation of 35 U.S.C. § 271(a).

37.     Defendants Fujitsu, Matsushita, NEC, Sony, and Toshiba have made, used, sold, offered to sell, imported, and/or distributed and continue to make, use, sell, offer to sell, import, and/or distribute within the United States, including specifically California, devices and/or systems

1   which include but are not limited to the Fujitsu Products, Matsushita Products, NEC Products,

2   Sony Products, and Toshiba Products, respectively, that come within a range of equivalents of the

3   claims of the '336 Patent, and therefore infringe one or more claims of the '336 Patent.

4        38.    Defendants Fujitsu, Matsushita, NEC, Sony, and Toshiba have made, used, sold,

5   offered to sell, imported, and/or distributed within the United States, including specifically

6   California, infringing devices and/or systems which include but are not limited to the Fujitsu

7   Products, Matsushita Products, NEC Products, Sony Products, and Toshiba Products, respectively,

8   without authority or license from Patriot, and in violation of Patriot's rights, and therefore infringe

9   the '336 Patent.

10        39.    The unlawful infringing activity by the Infringing Defendants is continuing and will

11   continue unless enjoined by this Court.

12        40.    The Infringing Defendants have had actual knowledge of the '336 Patent and have

13   willfully, deliberately, and intentionally infringed the claims of the '336 Patent.

14        41.    The acts of infringement by the Infringing Defendants have damaged Patriot and

15   unless the infringement is enjoined by this Court, plaintiff will suffer further damage.

16        42.    The amount of money damages suffered by Patriot from the acts of infringement by

17   Infringing Defendants cannot be determined without discovery, and is, therefore, subject to proof at

18   trial.

19        43.    Patriot is entitled to a complete accounting of all revenue derived by the Infringing

20   Defendants from the unlawful conduct alleged in this Complaint.  In addition, the harm to Patriot

21   from the Infringing Defendants' acts of infringement is not fully compensable by money damages.

22        44.    Patriot has suffered, and continues to suffer, irreparable harm, has no adequate

23   remedy at law, and will continue to suffer irreparable harm unless the Infringing Defendants'

24   conduct is enjoined.  Patriot, therefore, also requests a preliminary injunction and a permanent

25   injunction at the entry of judgment, to prevent additional infringement.

26

27

28

**FOURTH CLAIM FOR RELIEF**
**(Inducement of Infringement of U.S. Patent No. 5,809,336 Under 35 U.S.C. § 271(b))**

45.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint as if they were set forth here in full.

46.     Defendants Fujitsu, Matsushita, NEC, Sony, and Toshiba have actively induced, and are now inducing, infringement of the '336 Patent by selling within the United States, including specifically California, devices and/or systems which include but are not limited to the Fujitsu Products, Matsushita Products, NEC Products, Sony Products, and Toshiba Products, respectively, and teaching users to use those devices and/or systems in a manner which infringes one or more claims of the '336 Patent in violation of 35 U.S.C. § 271(b).

47.     The Infringing Defendants have unlawfully derived, and continue to derive, income and profits by inducing others to infringe the '336 Patent; and Patriot has suffered, and continues to suffer, damages because of the Infringing Defendants' inducement to infringe the '336 Patent.

48.     Patriot has suffered, and will continue to suffer, irreparable damage for which it has no adequate remedy at law because of the Infringing Defendants' inducement of others to infringe the '336 Patent, and will continue to be harmed unless the Infringing Defendants are enjoined from further acts of inducement.

**FIFTH CLAIM FOR RELIEF**
**(Contributory Infringement of U.S. Patent No. 5,809,336 Under 35 U.S.C. § 271(c))**

49.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint as if they were set forth here in full.

50.     Defendants Fujitsu, Matsushita, NEC, Sony, and Toshiba have offered to sell or have sold within the United States components of the Fujitsu Products, Matsushita Products, NEC Products, Sony Products, and Toshiba Products, respectively, claimed in the '336 Patent, and apparatus for use in practicing the processes claimed in the '336 Patent.

51.     In violation of 35 U.S.C. § 271(c), the components and apparatus constitute a material part of the inventions in the '336 Patent and were especially made or especially adapted for

use in an infringement of the '336 Patent and were not a staple article or commodity of commerce suitable for substantial noninfringing uses.

52.     The Infringing Defendants will continue to contribute to the infringement of the '336 Patent unless enjoined by this Court.

53.     The Infringing Defendants have derived, and continue to derive, unlawful profits by contributing to the infringement of the '336 Patent, and Patriot has suffered, and continues to suffer, damages because of the Infringing Defendants' contributory infringement of the '336 Patent.

54.     Patriot has suffered, and will continue to suffer, irreparable harm because of the Infringing Defendants' contributory infringement of the '336 Patent, unless the Infringing Defendants are enjoined from further contributory infringement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Patriot respectfully prays for an order:

(1)     adjudging Fish the sole inventor of the '336 Patent;

(2)     adjudging Patriot the sole owner of the '336 Patent;

(3)     pursuant to 35 U.S.C. §§ 116 and 256, directing the Director of the United States Patent and Trademark Office to issue certificates correcting the inventorship and ownership of the '336 Patent;

(4)     adjudging U.S. Patent No. 5,809,336 valid, enforceable, and infringed by the Infringing Defendants;

(5)     permanently enjoining the Infringing Defendants, their representatives, assignees or successors, or any subsidiaries, divisions, agents, servants, employees of the defendant, and/or those in privity with the Infringing Defendants from infringing, contributing to the infringement of, and inducing infringement of U.S. Patent No. 5,809,336, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

(6)     directing the Infringing Defendants to account for all revenue derived from the unlawful conduct alleged in this Complaint;

(7)     awarding plaintiff Patriot monetary damages from the Infringing Defendants for past infringement, including but not limited to a reasonable royalty, plus applicable pre- and post-

judgment interest, and costs to which plaintiff is entitled under 35 U.S.C. § 284, as well as attorneys' fees pursuant to 35 U.S.C. § 285 or other applicable law;

(8)      pursuant to 35 U.S.C. § 284, awarding up to treble damages for willful, deliberate, and intentional infringement by the Infringing Defendants; and

(9)      granting any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 11, 2004          BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP


By:_____
     Jennifer S. Rosenberg

Alan R. Plutzik
Daniel E. Birkhaeuser
L. Timothy Fisher
2125 Oak Grove Road, Suite 120
Walnut Creek, California  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

BEATIE AND OSBORN LLP
Russel H. Beatie
(Admitted *pro hac vice*)
Curt D. Marshall
(Admitted *pro hac vice*)
Attorneys for Plaintiff
521 Fifth Avenue, Suite 3400
New York, New York  10175
Telephone:  (212) 888-9000
Facsimile:  (212) 888-9664

Of Counsel:  John E. Lynch
(Admitted *pro hac vice*)

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

-------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| IN RE: MULTIDISTRICT PATENT LITIGATION INVOLVING U.S. PATENT NO. 5,809,336 | : | MDL Docket No. MDL-1605 |
|  | : | STIPULATION |

-------------------------------------------------------------- x

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-------------------------------------------------------------- x

PATRIOT SCIENTIFIC CORPORATION,        :

                                Plaintiff,        :

                    v.        :            Civil Action No. C 03 5787

FUJITSU MICROELECTRONICS AMERICA,        :
INC.,        :

                                Defendant.        :

-------------------------------------------------------------- x

EXHIBIT NO. A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------- x
PATRIOT SCIENTIFIC CORPORATION,                  :

               Plaintiff,                          :

                              :          Civil Action No. 2:03 CV 06210
          v.                                :

MATSUSHITA ELECTRIC CORPORATION OF :
AMERICA,                                          :
                              :
               Defendant.                        :
-------------------------------------------------------------------- x


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
PATRIOT SCIENTIFIC CORPORATION,                  :
                              :
               Plaintiff,                          :

                              :          Civil Action No. CV 03 6432
          v.                                :

NEC USA, INC.,                                   :

               Defendant.                        :
-------------------------------------------------------------------- x

WHEREAS, the parties to this Stipulation desire to consolidate the '336 Actions into one action before Honorable Saundra Brown Armstrong, United States District Court, Northern District of California, Oakland Division, to whom the Fujitsu Action has been assigned; and

WHEREAS, the parties do not desire to engage in further motion practice before the Judicial Panel;

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1.     The Matsushita Action, NEC Action, SCA Action, and Toshiba Action are dismissed without prejudice and without costs to any party;

2.     The MDL Motion is withdrawn without prejudice and without costs to any party;

3.     Within ten days of the execution of this Stipulation, counsel for defendant Fujitsu shall provide to counsel for Patriot the name and address of the Fujitsu entity or entities which manufactured or sold, in the United States, the products accused of infringing the '336 Patent in the Complaint against Fujitsu;

4.     Within ten days of the execution of this Stipulation, counsel for defendant NEC shall provide to counsel for Patriot the name and address of the NEC entity or entities which manufactured or sold, in the United States, the products accused of infringing the '336 Patent in the Complaint against NEC;

5.     Within ten days of the execution of this Stipulation, counsel for defendant SCA shall provide to counsel for Patriot the name and address of the SCA-related entity or entities which manufactured or sold, in the United States, the products accused of

infringing the '336 Patent in the Complaint against SCA (the new Fujitsu, NEC and SCA-related entities will be referred to collectively in this Stipulation as ("Substituted Defendants");

6.     Patriot shall within twenty days of execution of this Stipulation file a Consolidated Amended Complaint against defendants Matsushita, Toshiba, and the Substituted Defendants in the United States District Court for the Northern District of California, Oakland Division, in the Fujitsu Action, asserting, among other things, the same claims against each defendant;

7.     Nothing in this Stipulation shall expand or limit Patriot's right to take discovery regarding products not accused of infringement in the '336 Actions or to amend its Consolidated Amended Complaint to allege infringement of additional products not accused of infringement in the '336 Actions.

8.     Patriot shall serve by mail, facsimile, e-mail, or any other reasonable and reliable means the Consolidated Amended Complaint on counsel for the defendants and Substituted Defendants and counsel agree to accept this service on behalf of the defendants and Substituted Defendants;

9.     Defendants and Substituted Defendants agree to the jurisdiction and venue of the United States District Court for the Northern District of California, Oakland Division;

10.     Defendants and Substituted Defendants consent to the assignment for trial and other proceedings of the consolidated action to Honorable Saundra Brown Armstrong, United States District Court for the Northern District of California, Oakland Division;

11.     Defendants and Substituted Defendants waive any right to assert objections about personal jurisdiction, subject matter jurisdiction, and venue for the consolidated action;

12.     The dates of the filing and service of the original Complaints shall be the dates for purposes of determining damages, notice, and statutes of limitations; and

13.     This Stipulation may be signed in counterparts, and the signing of separate duplicates and/or faxed duplicates of this Stipulation shall have the same force and effect as if signing the original.

Dated: New York, New York
      February 11, 2004


_Russel H. Beatie_

Russel H. Beatie
BEATIE AND OSBORN LLP
521 Fifth Avenue, Suite 3400
New York, New York 10175
(212) 888-9000

Attorneys for Plaintiff Patriot
Scientific Corporation


_Robert Kramer_

Robert F. Kramer, Esq.
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Attorneys for Defendant
Fujitsu Microelectronics America, Inc.

-7-

Steven A. Reiss, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Defendant
Matsushita Electric Corporation of America, Inc.

Thomas J. McGowan, Esq.
MELTZER, LIPPE & GOLDSTEIN, LLP
190 Willis Avenue
Mineola, New York 11501

Attorneys for Defendant
NEC USA, Inc.

John Flock, Esq.
Richard S. Gresalfi, Esq.
KENYON & KENYON
One Broadway
New York, New York 10004

Attorneys for Defendant
Sony Corporation of America

Arthur I. Neustadt, Esq.
Carl E. Schlier, Esq.
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT P.C.
1940 Duke Street
Alexandria, Virginia 22314

Attorneys for Defendant
Toshiba America, Inc.

David Lender, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Defendant
Matsushita Electric Corporation of America, Inc.


Thomas J. McGowan, Esq.
MELTZER, LIPPE & GOLDSTEIN, LLP
190 Willis Avenue
Mineola, New York 11501

Attorneys for Defendant
NEC USA, Inc.


John Flock, Esq.
Richard S. Gresalfi, Esq.
KENYON & KENYON
One Broadway
New York, New York 10004

Attorneys for Defendant
Sony Corporation of America


Arthur I. Neustadt, Esq.
Carl E. Schlier, Esq.
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT P.C.
1940 Duke Street
Alexandria, Virginia 22314

Attorneys for Defendant
Toshiba America, Inc.

Steven A. Reiss, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Defendant
Matsushita Electric Corporation of America, Inc.

Thomas J. McGowan, Esq.
MELTZER, LIPPE & GOLDSTEIN, LLP
190 Willis Avenue
Mineola, New York 11501

Attorneys for Defendant
NEC USA, Inc.

John Flock, Esq.
Richard S. Gresalfi, Esq.
KENYON & KENYON
One Broadway
New York, New York 10004

Attorneys for Defendant
Sony Corporation of America

Arthur I. Neustadt, Esq.
Carl E. Schlier, Esq.
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT P.C.
1940 Duke Street
Alexandria, Virginia 22314

Attorneys for Defendant
Toshiba America, Inc.

Steven A. Reiss, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Defendant
Matsushita Electric Corporation of America, Inc.


Thomas J. McGowan, Esq.
MELTZER, LIPPE & GOLDSTEIN, LLP
190 Willis Avenue
Mineola, New York 11501

Attorneys for Defendant
NEC USA, Inc.

John Flock, Esq.  JF 4507
Richard S. Gresalfi, Esq.
KENYON & KENYON
One Broadway
New York, New York 10004

Attorneys for Defendant
Sony Corporation of America


Arthur I. Neustadt, Esq.
Carl E. Schlier, Esq.
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT P.C.
1940 Duke Street
Alexandria, Virginia 22314

Attorneys for Defendant
Toshiba America, Inc.