IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT SCIENTIFIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FUJITSU MICROELECTRONICS AMERICA, INC., et al.<br><br>Defendants. | No. C 03-5787 SBA<br>C 04-0439 SBA<br><br>**ORDER** |
| INTEL CORPORATION,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>PATRIOTIC SCIENTIFIC CORPORATION,<br><br>Defendant/Counterclaimant. | |

This matter comes before the Court on the Motion for Leave to Withdraw as Counsel filed by the law firms of Bramson, Plutzik, Mahler & Birkhaeuser, LLP and Beatie and Osborn LLP (collectively, "Patriot's counsel"). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Patriot's counsel's Motion for Leave to Withdraw as Counsel.

## **BACKGROUND**

On December 23, 2003, Patriot Scientific Corporation ("Patriot") filed a complaint against Fujitsu Microelectronics America, Inc. ("Fujitsu") for patent infringement of United States Patent No. 5,809,336 (the "'336 patent"). On or about the same time, Patriot filed four other similar actions for patent infringement against

Sony Corporation of America ("Sony"), Toshiba America, Inc. ("Toshiba"), Matsushita Electric Corporation of America ("Matsushita"), and NEC USA, Inc. ("NEC").

On February 2, 2004, Intel Corporation ("Intel") filed a complaint for declaratory judgment against Patriot (hereinafter the "<u>Intel</u> action"). In the <u>Intel</u> action, Intel seeks an order declaring that Intel has not infringed any claim of the '336 patent, either literally or under the doctrine of equivalents.

On February 13, 2004, Patriot filed a complaint for declaratory judgment against Daniel E. Leckrone, Charles H. Moore, and Technology Properties Ltd. ("TPL") (hereinafter the "<u>Moore</u> action"). In the <u>Moore</u> action, Patriot seeks declaratory judgment for determination and correction of inventorship and ownership of the '336 patent.

On March 11, 2004, Patriot filed an amended consolidated complaint, thereby consolidating all five of its lawsuits against Fujitsu, Sony, Toshiba, Matsushita, and NEC into one action (hereinafter the "<u>Fujitsu</u> action").

On June 8, 2004, this Court stayed the <u>Fujitsu</u> action and the <u>Intel</u> action pending resolution of the <u>Moore</u> action.

On December 20, 2004, defendants in the <u>Moore</u> action moved to disqualify Patriot's counsel, including the law firms of Bramson, Plutzik, Mahler & Birhaeuser, LLP and Beatie and Osborn LLP, on the grounds that they improperly retained and communicated with the attorney for the inventors during the prosecution of the '336 patent. On March 8, 2005, Judge Fogel granted in pertinent part the motion to disqualify. Patriot's request for reconsideration was denied by Judge Fogel on March 29, 2005.

## **ANALYSIS**

Local Rule 11-5(a) permits an attorney to withdraw as counsel of record only with leave of the court. L. R. 11-5(a). Permission to withdraw is discretionary. <u>See, e.g., Washington v. Sherwin Real Estate</u>, 694 F.2d 1081, 1087 (7th Cir. 1982). Under Local Rule 11-5(b), leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. L. R. 11-5(b).

Here, the law firms of Bramson, Plutzik, Mahler & Birhaeuser, LLP and Beatie and Osborn LLP ("Patriot's counsel"), seek to withdraw as counsel of record from the instant actions due to the fact that they have been disqualified as counsel in the <u>Moore</u> action. In support of their Motion to Withdraw, Patriot's

counsel assert that the Moore, Intel, and Fujitsu actions all involve the same family of patents, evidence, and witnesses. Accordingly, the rationale supporting Judge Fogel's disqualification of Patriot's counsel in Moore applies with equal force in the instant actions. Patriot's counsel also state that Patriot and the other parties to the instant actions will not be prejudiced by the withdrawal because the instant actions are currently stayed pending resolution of the Moore action. Intel, Matsushita, Sony, NEC, and Toshiba have stated that they do not oppose Patriot's counsel's Motion to Withdraw.

Based on Judge Fogel's ruling, Patriot's counsel has demonstrated the existence of good cause warranting their withdrawal. Because Patriot is a corporation, however, it must be represented by a licensed attorney. *See* Local Rule 3-9(b); Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal court only through licensed counsel."); accord United States v. Unimex, 991 F.2d 546, 549 (9th Cir. 1993) ("Counsel is essential for a corporation at trial because it cannot appear pro se."). Thus, in order to proceed in the instant actions, Patriot must obtain new counsel. Until Patriot retains counsel, papers shall continue to be served for forwarding purposes on the law firm of Bramson, Plutzik, Mahler & Birhaeuser, LLP, which is Patriot's California counsel.

## CONCLUSION

IT IS HEREBY ORDERED THAT Patriot's counsel's Motion for Leave to Withdraw is GRANTED. However, Patriot's counsel's request to have the Clerk of Court accept service on behalf of Patriot is DENIED. Instead, the law firm of Bramson, Plutzik, Mahler & Birhaeuser, LLP shall continue to receive service on behalf of Patriot for forwarding purposes until such time as Patriot is able to retain counsel. Counsel shall notify Patriot of this condition.

IT IS FURTHER ORDERED THAT Patriot is directed to obtain new counsel within **thirty (30) days** of the date of this Order. **Failure to retain new counsel may result in a dismissal of the above-captioned actions without prejudice**.

IT IS FURTHER ORDERED THAT the parties in the above-captioned actions shall appear for a telephonic Case Management Conference on **Wednesday, July 14, 2005 at 2:45 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. The Case

Management Conference Statement **shall specifically address the current status of the instant actions, including whether there are any issues for this Court to resolve prior to the resolution of the <u>Moore</u> action which would justify keeping these cases open in the Court's active docket, or whether the instant actions should be dismissed without prejudice pending resolution of the <u>Moore</u> action. If the parties determine that the instant actions should not be dismissed without prejudice, the parties shall clearly identify the matters to be heard by this Court and shall provide the Court with a proposed scheduling order that sets forth the earliest possible dates for discovery cut-off, motion cut-off, pretrial, and trial.** Plaintiff/Counterdefendant Intel Corporation shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

       /s/ Saundra Brown Armstrong

Dated: 5-19-05       SAUNDRA BROWN ARMSTRONG
United States District Judge